Filing # 52618508 E-Filed 02/16/2017 04:47:27 PM

### IN THE COUNTY COURT OF THE FIFTEENTH JUDICIAL CIRCUIT
### IN AND FOR PALM BEACH COUNTY, FLORIDA

LEGAL AID SOCIETY OF
PALM BEACH COUNTY, INC.,

CASE NO.:
Div.:

      Plaintiff,

      v.

BOYNTON BAY, LTD. d/b/a
BOYNTON BAY SENIOR RENTAL
APARTMENTS, BOYNTON BAY
GP, LLC and AUBURN MANAGEMENT,
INC.,

      Defendants.

_____/

## COMPLAINT FOR DECLARATORY AND INJUNCTIVE RELIEF, DAMAGES AND DEMAND FOR JURY TRIAL

      COMES NOW, Plaintiff, LEGAL AID SOCIETY OF PALM BEACH COUNTY, INC.,

by and through its undersigned counsel, sues the defendants, BOYNTON BAY, LTD. d/b/a

BOYNTON BAY SENIOR RENTAL APARTMENTS, BOYNTON BAY GP, LLC and

AUBURN MANAGEMENT, INC., and states as follows:

1.  This Complaint is brought by the Legal Aid Society of Palm Beach County, Inc. against

    Boynton Bay, Ltd. d/b/a Boynton Bay Senior Rental Apartments, Boynton Bay GP, LLC,

    and Auburn Management, Inc. for declaratory judgment, permanent injunctive relief and

    damages from discrimination on the basis of age and familial status in the terms, conditions

    or privileges of rental housing based on making, printing, and/or publishing rules restricting

    and/or imposing a limitation on the age of renters and limitations on children under the age of

    18 from residing at the subject property in violation of Title VIII of the Civil Rights Act of

1

1968 as amended Fair Housing Act, the Florida Fair Housing Act; and of the Palm Beach County Fair Housing Ordinance.

### *JURISDICTION AND VENUE*

2. This is an action for relief and damages not exceeding $15,000.00 against BOYNTON BAY, LTD. d/b/a BOYNTON BAY SENIOR RENTAL APARTMENTS, BOYNTON BAY GP, LLC, and AUBURN MANAGEMENT, INC.

3. The Court has jurisdiction over this matter pursuant to the Title VIII of the Civil Rights Act of 1968 as amended Fair Housing Act, 42 U.S.C. Sec. 3601, *et seq.*; the Florida Fair Housing Act, Fla. Stat. §760.20, *et seq.*; and the Palm Beach County Fair Housing Ordinance, Art. III, Sec. 15-36, *et seq.*

4. Venue is proper in the County Court of the Fifteenth Judicial Circuit because the events or omissions giving rise to the claims occurred in Palm Beach County, Florida, which is within the jurisdiction of this Court; pursuant to Fla. Stat. §47.011; and the amount is less than $15,000.00 in damages.

5. Plaintiff's claims for actual and punitive damages are authorized by Title VIII of the Civil Rights Act of 1968 as amended Fair Housing Act, 42 U.S.C. Sec. 3613; Fla. Stat. §760.35; and Palm Beach County Fair Housing Ordinance, Art. III, Sec. 15-56, with respect to all Defendants.

### *THE PARTIES*

6. Plaintiff, Legal Aid Society of Palm Beach County, Inc. (hereinafter "LAS" or "Plaintiff"), is a non-profit and Fair Housing Initiatives Program Organization (FHIP) with a mission to provide community outreach, education, advocacy and enforcement of all federal, state and local housing laws to ensure that no Palm Beach County resident is denied access to housing

2

based on his/her race, sex, color, religion, national origin, disability, familial status, sexual orientation, age, marital status, or gender identity or expression.

7.  LAS undertakes various activities to further its mission, including investigating complaints of housing discrimination; offering advice and counseling about the fair housing laws; providing free legal representation to the victims of housing discrimination; conducting education workshops on fair housing issues; working closely with city and local governments and housing providers on fair housing issues; and educating all members of the housing community on their rights and responsibilities under the fair housing laws.

8.  LAS also investigates fair housing violations through its "testing" program. "Testers" are individuals who pose as renters or homebuyers for the purpose of obtaining information about the conduct of local housing providers, authorities and governments, landlords, real estate companies, agents, financial institutions, lenders, and others to determine whether illegal housing discrimination is taking place. Testing occurs under controlled conditions to target and isolate potentially unlawful conduct.

9.  LAS has expended and continues to expend scarce staff time and resources to investigate and counteract Defendants' discriminatory practices, which has diverted and continues to divert resources away from other activities that LAS would otherwise pursue. Defendants' discriminatory practices have also frustrated and continue to frustrate LAS's mission of ensuring that all people have equal access to housing opportunities in Palm Beach County, FL, by, among other things, making housing unavailable because of age and familial status.

10. The Defendant, Boynton Bay, Ltd. d/b/a Boynton Bay Senior Rental Apartments[1] (hereinafter "Boynton Bay Apts." or "Boynton Bay"; or collectively referred as "Defendants") is a Florida Limited Partnership, licensed to and doing business in Boynton Beach, Palm Beach County, FL.  Boynton Bay, Ltd. shares its principal address with its General Partner/Co-Defendant Boynton Bay GP, LLC and Co-Defendant Auburn Management, Inc. at 777 E. Atlantic Ave., Suite 200, Delray Beach, FL 33483.

11. The Defendant, Boynton Bay GP, LLC (hereinafter "Boynton Bay Partner"; collectively referred as "Defendants") is a Florida Limited Liability for-profit corporation, licensed to and doing business in Delray Beach, Palm Beach County, FL, and it is listed as the General Partner of Defendant Boynton Bay, Ltd.; its principal address is Defendant's Auburn Management, Inc.'s principal address.

12. The Defendant, Auburn Management, Inc. (hereinafter "Management") is a Florida Profit Corporation, licensed and doing business in Delray Beach, Palm Beach County, FL; it is listed as the Manager for Defendant Boynton Bay GP, LLC, along with its principal address; and its principal address is listed as the principal address for Defendant Boynton Bay, Ltd.

13. The allegations against Defendants are alleged as agents, principals, or co-conspirators of one another.  Whenever and wherever reference is made in this Complaint to any acts of the Defendants, such allegations and references shall also be deemed to mean the acts by each of the Defendants acting individually, jointly or severally.  All references to Defendants include any individual acting on behalf of or under the authority derived from the Defendants individually or collectively.

---

[1] It should be noted that the Fictitious Name registration for Boynton Bay Apartments expired as of 12/31/2012 according to Florida Department of State, Division of Corporations.

4

14. Under information and belief, Defendant Boynton Bay, Ltd. owns and operates the apartment complex known and d/b/a Boynton Bay Senior Rental Apartments located at 499 Boynton Bay Circle, Boynton Beach, FL 33435 (hereinafter "subject property").   Its general partner is Boynton Bay GP, LLC, to which, under information and belief, both corporations make decisions collectively about the business of Boynton Bay Senior Rental Apartments, including, but not limited to, the advertisements, publications, marketing, the hiring of employees, etc., at and for the benefit of business of Boynton Bay Senior Rental Apartments at its subject property address.   Under information and belief Defendants Boynton Bay, Ltd. and Boynton Bay GP, LLC act as the agent for the other.

15. As a general partner of Boynton Bay, Ltd., Boynton Bay GP, LLC, and its assets, are jointly and severally liable for the actions of Boynton Bay, Ltd.

16. Defendant Auburn Management, Inc. is a member manager of Defendant Boynton Bay GP, LLC, and acted recklessly, in bad faith, with a malicious purpose and/or exhibited a wanton and willful disregard of human (civil) rights.   These acts render it personally liable of the actions of Defendant Boynton Bay GP, LLC.

17. Defendants Boynton Bay, Ltd. and Boynton Bay GP, LLC's principal address is Defendant Auburn Management, Inc.'s physical and principal business address.   All Defendant Corporations' registered agent is Brian J. Hinners, 777 E. Atlantic Ave., Ste. 200, Delray Beach, FL 33483, CEOD of Defendant Auburn Management, Inc.

18. Under information and belief, Defendant Auburn Management, Inc. serves as the management company and agent for both Defendant Corporations Boynton Bay, Ltd. and Boynton Bay GP, LLC, making decisions collectively about the business of Boynton Bay Senior Rental Apartments, including, but not limited to, advertisements, publications, marketing, the hiring of

employees, etc., at and for the benefit of business of Boynton Bay Senior Rental Apartments at the subject property address.

## FACTS GIVEN RISE TO THE CAUSE OF ACTION

19. Boynton Bay Apts. informed, printed, publicized, and advertised, and continues to print, publish and advertise as a limitation and/or preference of being a "Senior Community"; a "55+ Community"; and apartments for "40 and up" at the subject property, in violation of Title VIII of the Civil Rights Act of 1968 as amended Fair Housing Act, 42 U.S.C. Sec. 3601, *et seq.* (hereinafter "FHA, "FHA, 42 U.S.C. §…" or "Fair Housing Act"), the Florida Fair Housing Act, Fla. Stat. §760.20, *et seq.* (hereinafter "FFHA"), and the Palm Beach County Fair Housing Ordinance, Art. III, Sec. 15-36, *et seq.* (hereinafter "PBCFHO").

20. Boynton Bay Partner, collectively with Boynton Bay Apts., assisted with informing, printing, publicizing, and advertising, and continues to print, publish and advertise Boynton Bay Apts.' limitation and/or preference of being a "Senior Community"; a "55+ Community"; and apartments for "40 and up" at the subject property, in violation of the Fair Housing Act, the Florida Fair Housing Act and the Palm Beach County Fair Housing Ordinance.

21. The Management, collectively with Boynton Bay Apts. and Boynton Bay Partner, assisted with informing, printing, publicizing, and advertising, and continues to print, publish and advertise Boynton Bay Apts.' limitation and/or preference of being a "Senior Community"; a "55+ Community"; and apartments for "40 and up" at the subject property, in violation of the Fair Housing Act, the Florida Fair Housing Act and the Palm Beach County Fair Housing Ordinance.

22. As of April 2, 2010, the only restriction of Defendant Boynton Bay, Ltd. allowed was based on low-income, pursuant to their agreement with the Florida Housing Finance Corporation. *See Exhibit A.*

23. Defendant Boynton Bay, Ltd.'s Extended Low-Income Housing Agreement states that the rental units at the subject property should be rented to all members of the public and no preference should be given to renters except based on low income, *see Exhibit A.*

24. The Defendants' practice to publish, advertise, and market for a preference or limitation of the type of prospective renters to live at the subject property's community, specifically, stating "Adult Community", "55+ Community", "Senior Community", or "40+ Community" is in violation of Fair Housing Act, the Florida Fair Housing Act and the Palm Beach County Fair Housing Ordinance.

25. It is unclear whether Boynton Bay Apts. had ever qualified as an exempt community under Housing for Older Persons Act (HOPA), in order to be exempt from age and familial status discrimination.

26. It is discrimination when a community is excluding prospective renters based on age and familial status, families with children under 18 years of age.

27. In August of 2012, LAS sent two testers to Boynton Bay Apts. at the subject property, to gather evidence to substantiate that Boynton Bay Apts. was discriminating against prospective renters based on age and familial status, according to the information provided in their publications and advertisements of "40+ Senior Rental Apartments". *See Exhibit B, advertisement from August 1, 2012.*

28. On August 14, 2012, LAS sent a Caucasian male tester to conduct a test on the subject property. The tester posed as a single male in his 40's. Through notifications and

information received, it was confirmed that the Boynton Bay Apts. presented themselves as a "Senior Citizen Community", an "Adult Only" community, a community with limitations of a household member to be "40 years old or better" and no household member was permitted to be "under 35 [years old]". *See Exhibit C, information regarding apartment size and monthly rent.*

29. These limitations are a violation of the Fair Housing Laws, specifically of the Fair Housing Act, the Florida Fair Housing Act and the Palm Beach County Fair Housing Ordinance.

30. On August 20, 2012, LAS sent a Caucasian male tester to conduct a test on the subject property. The tester posed as a divorcee in his late 20's – early 30's with custody of his son every other weekend. Through notifications and information, it was confirmed that the Boynton Bay Apts. presented themselves as a "Senior Citizen Community", an "Adult Only" community, a community with limitations of a household member to be "40 years old or better" and no household member was permitted to be "under 35 [years old]". *See Exhibit C.*

31. LAS filed a Housing Discrimination Complaint based on Boynton Bay Apts.' discriminatory acts, confirmed by the testing results, of discrimination based on age and familial status, in violation of the Fair Housing Act, the Florida Fair Housing Act and the Palm Beach County Fair Housing Ordinance.

32. LAS filed a housing discrimination complaint with Housing and Urban Development (HUD) against the Defendant Boynton Bay, Ltd. d/b/a Boynton Bay Senior Rental Apartments. HUD transferred the complaint to its local HUD Affiliate, the Palm Beach County Office of Equal Opportunity (hereinafter "OEO").

33. OEO, as a Fair Housing Assistance Program (FHAP), investigates fair housing complaints, and if an agreement is not reached through conciliation, OEO makes a determination, based

on its investigation, on whether there was a *cause* determination for a conclusion that discrimination occurred, or a *no cause* determination for a conclusion that discrimination did not occur.

34. On February 18, 2015, OEO provided all parties with a Notice of Determination of Reasonable Cause, concluding that:

> ...there is ***reasonable cause*** to believe that the Respondent discriminated as alleged in the complaint on the basis of age *[sic]* and familial status in the terms, conditions or privileges of sale or rental of dwelling, or in the provisions of services or facilities and by making, printing and/or publishing rules restricting and/or imposing a limitation on the age of renters and limitation on children under the age of 18 from residing at the subject property. [*emphasis added*]

A copy of the Determination is attached hereto and incorporated as ***Exhibit D***.

35. Based on OEO's investigation, the Boynton Bay, Ltd. d/b/a Boynton Bay Senior Rental Apartments failed to adhere to requirements necessary to qualify for the Housing for Older Persons Act exemption; specifically Boynton Bay, Ltd. d/b/a Boynton Bay Senior Rental Apartments failed to properly publish and adhere to policies and procedures which demonstrate intent to operate as housing for older persons 55 years of age or older.

36. Boynton Bay, Ltd. d/b/a Boynton Bay Senior Rental Apartments discriminated against prospective renters based on age and familial status, according to OEO's reasonable cause finding determination, *see Exhibit D*.

37. Based on OEO's investigation, the Boynton Bay, Ltd. d/b/a Boynton Bay Senior Rental Apartments policies and practices violate the Palm Beach County Housing and Places of Accommodation Ordinance, referred herein as the Palm Beach County Fair Housing

9

Ordinance aka Palm Beach County Fair Housing Ordinance ("PBCFHO"), as age is a protected basis and the Boynton Bay, Ltd. d/b/a Boynton Bay Senior Rental Apartments selects applicants based on their age of over 40 years old. *See Exhibit D.*

38. The Defendants recklessly and with wanton intent continued and is continuing to advertise and publish a discriminatory preference and limitation based on age and familial status, even after OEO's cause determination on February 18, 2015. *See Exhibit E, a compilation of advertisements from May 8, 2013 to January 25, 2017.*

39. Defendant Boynton Bay GP, LLC, as the general partner of Boynton Bay, Ltd., is jointly and severally liable for the actions of Boynton Bay, Ltd.

40. Defendant Auburn Management, Inc. is the member manager of Boynton Bay GP, LLC and personally liable for the actions of Boynton Bay GP, LLC. Defendant Boynton Bay GP, LLC's actions were reckless by providing discriminatory preferences and limitations based on age and/or familial status of prospective renters of Boynton Bay Apts., in violation of fair housing laws, and in disregard for the civil rights of those prospective renters that were denied their fair housing rights.

41. Under Fair Housing Act, the Florida Fair Housing Act and the Palm Beach County Fair Housing Ordinance, Plaintiff can file a civil action against Defendants.

## INJURIES TO PLAINTIFF

42. LAS diverted resources, frustration of mission, expended hours of their staff members, including, but not limited to, the testing coordinator/investigator, paralegal, and attorney, time in examining and preparing the complaint for this case regarding the test results that concluded that the Defendants discriminated toward families with children and those of a certain age, specifically age 40 years or younger.

10

43. LAS incurred monetary damages, including, but not limited to, attorney's fees and costs, and other allowable claims of damage.

## COUNT I

### VIOLATION OF THE PALM BEACH COUNTY CODE OF ORDINANCE ARTICLE III. SECTIONS 15-36. *ET SEQ.*

40. Plaintiff realleges and incorporates by reference the allegations in paragraphs 19 through 43, and further alleges:

41. Part of the definition of Familial Status under PBCFHO §15-37(11) is defined as one or more individuals who have not attained the age of eighteen years.

42. The definition of Housing for older persons under PBCFHO §15-37(18) consists of five parts, under part (e), it states: In determining whether housing meets the requirements of housing for older persons, the County will utilize current federal regulations regarding criteria for housing for older persons.

43. Pursuant to OEO's investigation, *see Exhibit D*, Boynton Bay Apts. did not meet the criteria to be considered housing for older persons under PBCFH §15-37(18), therefore, to advertise, publicize and market as such is otherwise fair housing discrimination based on age.

44. Boynton Bay Apts.' refusal to negotiate for the rental of, or otherwise make unavailable or deny, a dwelling to any person that did not meet their preference and/or limitation of age, or children with families, including those through its agents, as described herein, violate PBCFHO §15-58(1):

    a. Boynton Bay Apts.' refusal to negotiate for the rental of, or otherwise make unavailable or deny, a dwelling on the basis of familial status, is in violation of PBCFHO §15-58(1); and

    b. Boynton Bay Apts.' refusal to negotiate for the rental of, or otherwise make unavailable or deny, a dwelling on the basis of age, is in violation of PBCFHO §15-58(1).

45. Boynton Bay Apts.' discriminatory terms, conditions, and privileges of rental, and the provisions of services or facilities in connection therewith to their preferences and/or limitations, including those through its agents, as described herein, violate PBCFHO §15-58(2):

    a. Boynton Bay Apts.' discriminatory terms, conditions, and privileges of rental, and the provisions of services or facilities in connection therewith to their preferences and/or limitations, have provided and continue to make housing unavailable on the basis of familial status, in violation of PBCFHO §15-82(2);

    b. Boynton Bay Apts.' discriminatory terms, conditions, and privileges of rental, and the provisions of services or facilities in connection therewith to their preferences and/or limitations, have provided and continue to make housing unavailable on the basis of age, in violation of PBCFHO §15-82(2).

46. Boynton Bay Apts. made, printed and published policies, and caused to be made and printed, and published notices, statements and advertisements, with respect to a rental of dwelling indicating a preference, limitation, or discrimination, including those through its agents, as described herein, violate PBCFHO §15-58(3):

    a. Boynton Bay Apts. made, printed and published policies, and caused to be made and printed, and published notices, statements and advertisements, with respect to a rental of dwelling, indicating a preference, limitation, or discrimination based on familial status, in violation of PBCFHO §15-58(3);

    b. Boynton Bay Apts. made, printed and published policies and caused to be made and printed, and published notices, statements and advertisements, with respect to a rental of dwelling, indicating a preference, limitation, or discrimination based on age, in violation of PBCFHO §15-58(3);

    c. Boynton Bay Apts.  intended to make a preference and/or limitation of a rental dwelling based on familial status, in violation of PBCFHO §15-58(3); and

    d. Boynton Bay Apts. intended to make a preference and/or limitation of a rental dwelling based on age, in violation of PBCFHO §15-58(3).

47. Boynton Bay Apts. represented that a dwelling was not available for rental when such dwelling was in fact so available, including those through its agents, as described herein, violate PBCFHO §15-58(4):

    a. Boynton Bay Apts. represented, because of familial status, that a dwelling is not available for rental when such dwelling is in fact so available, in violation of PBCFHO §15-58(4); and

    b. Boynton Bay Apts. represented, because of age, that a dwelling is not available for rental when such dwelling is in fact so available, in violation of PBCC §15-58(4).

48. Boynton Bay Partner's refusal to negotiate for the rental of, or otherwise make unavailable or deny, a dwelling to any person that did not meet their preference and/or

limitation of age, or children with families, as an agent for Boynton Bay Apts., as described herein, violate PBCFHO §15-58(1):

    a. Boynton Bay Partner's refusal to negotiate for the rental of, or otherwise make unavailable or deny, a dwelling on the basis of familial status, is in violation of PBCFHO §15-58(1); and

    b. Boynton Bay Partner's refusal to negotiate for the rental of, or otherwise make unavailable or deny, a dwelling on the basis of age, is in violation of PBCFHO §15-58(1).

49. Boynton Bay Partner's discriminatory terms, conditions, and privileges of rental, and the provisions of services or facilities in connection therewith to their preferences and/or limitations, as an agent for Boynton Bay Apts., as described herein, violate PBCFHO §15-58(2):

    a. Boynton Bay Partner's discriminatory terms, conditions, and privileges of rental, and the provisions of services or facilities in connection therewith to their preferences and/or limitations, have provided and continue to make housing unavailable on the basis of familial status, in violation of PBCFHO §15-82(2);

    b. Boynton Bay Partner's discriminatory terms, conditions, and privileges of rental, and the provisions of services or facilities in connection therewith to their preferences and/or limitations, have provided and continue to make housing unavailable on the basis of age, in violation of PBCFHO §15-82(2).

50. Boynton Bay Partner made, printed and published policies, and caused to be made and printed, and published notices, statements and advertisements, with respect to a rental of

dwelling indicating a preference, limitation, or discrimination, as an agent for Boynton Bay Apts., as described herein, violate PBCFHO §15-58(3):

    a. Boynton Bay Partner made, printed and published policies, and caused to be made and printed, and published notices, statements and advertisements, with respect to a rental of dwelling, indicating a preference, limitation, or discrimination based on familial status, in violation of PBCFHO §15-58(3);

    b. Boynton Bay Partner made, printed and published policies and caused to be made and printed, and published notices, statements and advertisements, with respect to a rental of dwelling, indicating a preference, limitation, or discrimination based on age, in violation of PBCFHO §15-58(3);

    c. Boynton Bay Partner intended to make a preference and/or limitation of a rental dwelling based on familial status, in violation of PBCFHO §15-58(3); and

    d. Boynton Bay Partner intended to make a preference and/or limitation of a rental dwelling based on age, in violation of PBCFHO §15-58(3).

51. Boynton Bay Partner represented that a dwelling was not available for rental when such dwelling was in fact so available, as an agent for Boynton Bay Apts., as described herein, violate PBCFHO §15-58(4):

    a. Boynton Bay Partner represented, because of familial status, that a dwelling is not available for rental when such dwelling is in fact so available, in violation of PBCFHO §15-58(4); and

    b. Boynton Bay Partner represented, because of age, that a dwelling is not available for rental when such dwelling is in fact so available, in violation of PBCC §15-58(4).

52. Management's refusal to negotiate for the rental of, or otherwise make unavailable or deny, a dwelling to any person, as an agent for Boynton Bay Apts., as described herein, violate PBCFHO §15-58(1):

    a. Management's refusal to negotiate for the rental of, or otherwise make unavailable or deny, a dwelling on the basis of familial status, is in violation of PBCFHO §15-58(1); and

    b. Management's refusal to negotiate for the rental of, or otherwise make unavailable or deny, a dwelling on the basis of age, is in violation of PBCFHO §15-58(1).

53. Management's discriminatory terms, conditions, and privileges of rental, and the provisions of services or facilities in connection therewith to their preferences and/or limitations, as an agent for Boynton Bay Apts., as described herein, violate PBCFHO §15-58(2):

    a. Management's discriminatory terms, conditions, and privileges of rental, and the provisions of services or facilities in connection therewith to their preferences and/or limitations, have provided and continue to make housing unavailable on the basis of familial status, in violation of PBCFHO §15-82(2);

    b. Management's discriminatory terms, conditions, and privileges of rental, and the provisions of services or facilities in connection therewith to their preferences and/or limitations, have provided and continue to make housing unavailable on the basis of age, in violation of PBCFHO §15-82(2).

54. Management made, printed and published policies, and caused to be made and printed, and published notices, statements and advertisements, with respect to a rental of dwelling

16

indicating a preference, limitation, or discrimination, including those through its agents, as described herein, violate PBCFHO §15-58(3):

    a. Management made, printed and published policies, and caused to be made and printed, and published notices, statements and advertisements, with respect to a rental of dwelling, indicating a preference, limitation, or discrimination based on familial status, in violation of PBCFHO §15-58(3);

    b. Management made, printed and published policies and caused to be made and printed, and published notices, statements and advertisements, with respect to a rental of dwelling, indicating a preference, limitation, or discrimination based on age, in violation of PBCFHO §15-58(3);

    c. Management intended to make a preference and/or limitation of a rental dwelling based on familial status, in violation of PBCFHO §15-58(3); and

    d. Management intended to make a preference and/or limitation of a rental dwelling based on age, in violation of PBCFHO §15-58(3).

55. Management represented that a dwelling was not available for rental when such dwelling was in fact so available, as an agent for Boynton Bay Apts., as described herein, violate PBCFHO §15-58(4):

    a. Management represented, because of familial status, that a dwelling is not available for rental when such dwelling is in fact so available, in violation of PBCFHO §15-58(4); and

    b. Management represented, because of age, that a dwelling is not available for rental when such dwelling is in fact so available, in violation of PBCC §15-58(4).

56. Plaintiff is entitled to an award of damages for diversion of its resources and frustration of its mission, more specifically as alleged in paragraphs 29 – 30.

57. Plaintiff also seeks to permanently enjoin Defendants and its agents from discriminating against persons based on familial status and age, as described above, and to enjoin Defendants' pattern or practice of denying renters based on familial status because of families with children, and age because that person is younger than 55 years of age and/or younger than 40 years old, a practice which upon information and belief is still ongoing.

58. Violations of the Palm Beach County Fair Housing Ordinances give rise to a presumption of irreparable harm, and Plaintiff has no adequate remedy at law to stop the discrimination.

59. Plaintiff is entitled to an award of reasonable attorney's fees and costs as prevailing party.

60. Plaintiff reserves the right to amend this Complaint to add a claim for punitive damages.

WHEREFORE, Plaintiff respectfully requests that this Court:

1. Award damages;

2. Enjoin Defendants and its agents from discriminating, as described in this Complaint, as well as its pattern or practice of denying families with children, and persons under 55 years old and under 40 years old the opportunity to rent;

3. Award reasonable attorney's fees and costs; and

4. Award any such other relief as it deems just and equitable.

## COUNT II

### VIOLATION OF THE FLORIDA FAIR HOUSING ACT, FLORDIA STATUTE CHAPTER 760, *ET SEQ.*

61. Plaintiff realleges and incorporates by reference the allegations in paragraphs 19 through 43, and further alleges:

62. Part of the definition of Familial Status states that it is established when an individual who has not attained the age of 18 years is domiciled, *see* FFHA §760.22(5).

63. Boynton Bay Apts.' refusal to negotiate for the rental of, or otherwise make unavailable or deny, a dwelling to any person, including those through its agents, as described herein, violate FFHA §760.23(1):

   a. Boynton Bay Ap Boynton Bay Apts. ts.' refusal to negotiate for the rental of, or otherwise make unavailable or deny, a dwelling on the basis of familial status, is in violation of FFHA §760.23(1); and

64. Boynton Bay Apts.' discriminatory terms, conditions, and privileges of rental, and the provisions of services or facilities in connection therewith to their preferences and/or limitations, including those through its agents, as described herein, violate FFHA §760.23 (2):

   a. Boynton Bay Apts.' discriminatory terms, conditions, and privileges of rental, and the provisions of services or facilities in connection therewith to their preferences and/or limitations, have provided and continue to make housing unavailable on the basis of familial status, in violation of FFHA §760.23 (2);

65. Boynton Bay Apts. made, printed and published policies, and caused to be made and printed, and published notices, statements and advertisements, with respect to a rental of dwelling indicating a preference, limitation, or discrimination, including those through its agents, as described herein, violate FFHA §760.23(3):

   a. Boynton Bay Apts. made, printed and published policies, and caused to be made and printed, and published notices, statements and advertisements, with respect to

a rental of dwelling, indicating a preference, limitation, or discrimination based on familial status, in violation of FFHA §760.23(3);

b. Boynton Bay Apts. intended to make a preference and/or limitation of a rental dwelling based on familial status, in violation of FFHA §760.23(3); and

66. Boynton Bay Apts. represented that a dwelling was not available for rental when such dwelling was in fact so available, including those through its agents, as described herein, violate FFHA §760.23(4):

a. Boynton Bay Apts. represented, because of familial status, that a dwelling is not available for rental when such dwelling is in fact so available, in violation of FFHA §760.23 (4).

67. Boynton Bay Partner's refusal to negotiate for the rental of, or otherwise make unavailable or deny, a dwelling to any person, as an agent for Boynton Bay Apts., as described herein, violate FFHA §760.23(1):

a. Boynton Bay Partner's refusal to negotiate for the rental of, or otherwise make unavailable or deny, a dwelling on the basis of familial status, is in violation of FFHA §760.23(1).

68. Boynton Bay Partner's discriminatory terms, conditions, and privileges of rental, and the provisions of services or facilities in connection therewith to their preferences and/or limitations, as an agent for Boynton Bay Apts., as described herein, violate FFHA §760.23 (2):

a. Boynton Bay Partner's discriminatory terms, conditions, and privileges of rental, and the provisions of services or facilities in connection therewith to their

20

preferences and/or limitations, have provided and continue to make housing unavailable on the basis of familial status, in violation of FFHA §760.23 (2);

69. Boynton Bay Partner made, printed and published policies, and caused to be made and printed, and published notices, statements and advertisements, with respect to a rental of dwelling indicating a preference, limitation, or discrimination, as an agent for Boynton Bay Apts., as described herein, violate FFHA §760.23(3):

    a. Boynton Bay Partner made, printed and published policies, and caused to be made and printed, and published notices, statements and advertisements, with respect to a rental of dwelling, indicating a preference, limitation, or discrimination based on familial status, in violation of FFHA §760.23(3); and

    b. Boynton Bay Partner intended to make a preference and/or limitation of a rental dwelling based on familial status, in violation of FFHA §760.23(3).

70. Boynton Bay Partner represented that a dwelling was not available for rental when such dwelling was in fact so available, as an agent for Boynton Bay Apts., as described herein, violate FFHA §760.23(4):

    a. Boynton Bay Partner represented, because of familial status, that a dwelling is not available for rental when such dwelling is in fact so available, in violation of FFHA §760.23 (4).

71. Management's refusal to negotiate for the rental of, or otherwise make unavailable or deny, a dwelling to any person, as an agent for Boynton Bay Apts., as described herein, violate FFHA §760.23(1):

a. Defendants' refusal to negotiate for the rental of, or otherwise make unavailable or deny, a dwelling on the basis of familial status, is in violation of FFHA §760.23(1).

72. Management's discriminatory terms, conditions, and privileges of rental, and the provisions of services or facilities in connection therewith to their preferences and/or limitations, as an agent for Boynton Bay Apts., as described herein, violate FFHA §760.23 (2):

a. Management's discriminatory terms, conditions, and privileges of rental, and the provisions of services or facilities in connection therewith to their preferences and/or limitations, have provided and continue to make housing unavailable on the basis of familial status, in violation of FFHA §760.23 (2).

73. Management made, printed and published policies, and caused to be made and printed, and published notices, statements and advertisements, with respect to a rental of dwelling indicating a preference, limitation, or discrimination, as an agent for Boynton Bay Apts., as described herein, violate FFHA §760.23(3):

a. Management made, printed and published policies, and caused to be made and printed, and published notices, statements and advertisements, with respect to a rental of dwelling, indicating a preference, limitation, or discrimination based on familial status, in violation of FFHA §760.23(3); and

b. Management intended to make a preference and/or limitation of a rental dwelling based on familial status, in violation of FFHA §760.23(3).

74. Management represented that a dwelling was not available for rental when such dwelling was in fact so available, as an agent for Boynton Bay Apts., as described herein, violate FFHA §760.23(4):

    a. Management represented, because of familial status, that a dwelling is not available for rental when such dwelling is in fact so available, in violation of FFHA §760.23 (4).

75. Plaintiff is entitled to an award of damages for diversion of its resources and frustration of its mission, more specifically as alleged in paragraphs 29 – 30.

76. Plaintiff also seeks to permanently enjoin Defendants and its agents from discriminating against persons based on familial status and age, as described above, and to enjoin Defendants' pattern or practice of denying renters based on familial status because of families with children, a practice which upon information and belief is still ongoing.

77. Violations of the Florida Fair Housing Act give rise to a presumption of irreparable harm, and Plaintiff has no adequate remedy at law to stop the discrimination.

78. Plaintiff is entitled to an award of reasonable attorney's fees and costs as prevailing party.

79. Plaintiff reserves the right to amend this Complaint to add a claim for punitive.

WHEREFORE, Plaintiff respectfully requests that this Court:

    1. Award damages;

    2. Enjoin Defendants and its agents from discriminating, as described in this Complaint, as well as its pattern or practice of denying families with children;

    3. Award reasonable attorney's fees and costs; and

    4. Award any such other relief as it deems just and equitable.

## COUNT III

### VIOLATION OF TITLE VIII OF THE CIVIL RIGHTS ACT OF 1968
### AS AMENDED FAIR HOUSING ACT, 42 U.S.C. §3601, ET SEQ.

80. Plaintiff realleges and incorporates by reference the allegations in paragraphs 19 through 43, and further alleges:

81. Part of the definition of Familial Status under FHA, 42 U.S.C. §3602(k) is defined as one or more individuals who have not attained the age of eighteen years.

82. Boynton Bay Apts.' refusal to negotiate for the rental of, or otherwise make unavailable or deny, a dwelling to any person, including those through its agents, as described herein, violate FHA, 42 U.S.C. §3604(a):

    a. Boynton Bay Apts.' refusal to negotiate for the rental of, or otherwise make unavailable or deny, a dwelling on the basis of familial status, is in violation of FHA, 42 U.S.C. §3604(a).

83. Boynton Bay Apts.' discriminatory terms, conditions, and privileges of rental, and the provisions of services or facilities in connection therewith to their preferences and/or limitations, including those through its agents, as described herein, violate FHA, 42 U.S.C. §3604(b):

    a. Boynton Bay Apts.' discriminatory terms, conditions, and privileges of rental, and the provisions of services or facilities in connection therewith to their preferences and/or limitations, have provided and continue to make housing unavailable on the basis of familial status, in violation of FHA, 42 U.S.C. §3604(b).

84. Boynton Bay Apts. made, printed and published policies, and caused to be made and printed, and published notices, statements and advertisements, with respect to a rental of

dwelling indicating a preference, limitation, or discrimination, including those through its agents, as described herein, violate FHA, 42 U.S.C. §3604(c):

    a. Boynton Bay Apts. made, printed and published policies, and caused to be made and printed, and published notices, statements and advertisements, with respect to a rental of dwelling, indicating a preference, limitation, or discrimination based on familial status, in violation of FHA, 42 U.S.C. §3604(c); and

    b. Boynton Bay Apts. intended to make a preference and/or limitation of a rental dwelling based on familial status, in violation of FHA, 42 U.S.C. §3604(c).

85. Boynton Bay Apts. represented that a dwelling was not available for rental when such dwelling was in fact so available, including those through its agents, as described herein, violate FHA, 42 U.S.C. §3604(d):

    a. Boynton Bay Apts. represented, because of familial status, that a dwelling is not available for rental when such dwelling is in fact so available, in violation of FHA, 42 U.S.C. §3604(d).

86. Boynton Bay Partner's refusal to negotiate for the rental of, or otherwise make unavailable or deny, a dwelling to any person, as an agent for Boynton Bay Apts., as described herein, violate FHA, 42 U.S.C. §3604(a):

    a. Boynton Bay Partner's refusal to negotiate for the rental of, or otherwise make unavailable or deny, a dwelling on the basis of familial status, is in violation of FHA, 42 U.S.C. §3604(a).

87. Boynton Bay Partner's discriminatory terms, conditions, and privileges of rental, and the provisions of services or facilities in connection therewith to their preferences and/or

limitations, as an agent for Boynton Bay Apts., as described herein, violate FHA, 42 U.S.C. §3604(b):

    a. Boynton Bay Partner's discriminatory terms, conditions, and privileges of rental, and the provisions of services or facilities in connection therewith to their preferences and/or limitations, have provided and continue to make housing unavailable on the basis of familial status, in violation of FHA, 42 U.S.C. §3604(b).

88. Boynton Bay Partner made, printed and published policies, and caused to be made and printed, and published notices, statements and advertisements, with respect to a rental of dwelling indicating a preference, limitation, or discrimination, as an agent for Boynton Bay Apts., as described herein, violate FHA, 42 U.S.C. §3604(c):

    a. Boynton Bay Partner made, printed and published policies, and caused to be made and printed, and published notices, statements and advertisements, with respect to a rental of dwelling, indicating a preference, limitation, or discrimination based on familial status, in violation of FHA, 42 U.S.C. §3604(c); and

    b. Boynton Bay Partner intended to make a preference and/or limitation of a rental dwelling based on familial status, in violation of FHA, 42 U.S.C. §3604(c).

89. Boynton Bay Partner represented that a dwelling was not available for rental when such dwelling was in fact so available, as an agent for Boynton Bay Apts., as described herein, violate FHA, 42 U.S.C. §3604(d):

    a. Boynton Bay Partner represented, because of familial status, that a dwelling is not available for rental when such dwelling is in fact so available, in violation of FHA, 42 U.S.C. §3604(d).

90. Management's refusal to negotiate for the rental of, or otherwise make unavailable or deny, a dwelling to any person, as an agent for Boynton Bay Apts., as described herein, violate FHA, 42 U.S.C. §3604(a):

   a. Management's refusal to negotiate for the rental of, or otherwise make unavailable or deny, a dwelling on the basis of familial status, is in violation of FHA, 42 U.S.C. §3604(a).

91. Management's discriminatory terms, conditions, and privileges of rental, and the provisions of services or facilities in connection therewith to their preferences and/or limitations, as an agent for Boynton Bay Apts., as described herein, violate FHA, 42 U.S.C. §3604(b):

   a. Management's discriminatory terms, conditions, and privileges of rental, and the provisions of services or facilities in connection therewith to their preferences and/or limitations, have provided and continue to make housing unavailable on the basis of familial status, in violation of FHA, 42 U.S.C. §3604(b).

92. Management made, printed and published policies, and caused to be made and printed, and published notices, statements and advertisements, with respect to a rental of dwelling indicating a preference, limitation, or discrimination, as an agent for Boynton Bay Apts., as described herein, violate FHA, 42 U.S.C. §3604(c):

   a. Management made, printed and published policies, and caused to be made and printed, and published notices, statements and advertisements, with respect to a rental of dwelling, indicating a preference, limitation, or discrimination based on familial status, in violation of FHA, 42 U.S.C. §3604(c); and

    b.   Management intended to make a preference and/or limitation of a rental dwelling based on familial status, in violation of FHA, 42 U.S.C. §3604(c).

93. Management represented that a dwelling was not available for rental when such dwelling was in fact so available, as an agent for Boynton Bay Apts., as described herein, violate FHA, 42 U.S.C. §3604(d):

    a.   Management represented, because of familial status, that a dwelling is not available for rental when such dwelling is in fact so available, in violation of FHA, 42 U.S.C. §3604(d).

94. Plaintiff is entitled to an award of damages for diversion of its resources and frustration of its mission, more specifically as alleged in paragraphs 29 – 30.

95. Plaintiff also seeks to permanently enjoin Defendants and its agents from discriminating against persons based on familial status and age, as described above, and to enjoin Defendants' pattern or practice of denying renters based on familial status because of families with children, a practice which upon information and belief is still ongoing.

96. Violations of the Title VIII of the Civil Rights Act of 1968 as amended Fair Housing Act, 42 U.S.C. Sec. 3601 give rise to a presumption of irreparable harm, and Plaintiff has no adequate remedy at law to stop the discrimination.

97. Plaintiff is entitled to an award of reasonable attorney's fees and costs as prevailing party.

98. Plaintiff reserves the right to amend this Complaint to add a claim for punitive.

WHEREFORE, Plaintiff respectfully requests that this Court:

    1.   Award damages;

    2.   Enjoin Defendants and its agents from discriminating, as described in this Complaint, as its pattern or practice of denying families with children;

3.  Award reasonable attorney's fees and costs; and

4.  Award any such other relief as it deems just and equitable.

## COUNT IV

## CIVIL CONSPIRACY

99. Plaintiff realleges and incorporates by reference the allegations in paragraphs 19 through 43, and further alleges:

100. Defendants Boynton Bay Ltd., LLC, Boynton Bay GP, LLC, and Auburn Management, Inc. are parties to a civil conspiracy.

101. Defendants Boynton Bay Ltd., LLC, Boynton Bay GP, LLC, and Auburn Management, Inc. conspired to do an unlawful act by unlawful means.

102. Defendants Boynton Bay Ltd., LLC, Boynton Bay GP, LLC, and Auburn Management, Inc. conspired to provide discriminatory preferences and/or limitations based on age and familial status of prospective renters of the subject property.

103. Defendants Boynton Bay Ltd., LLC, Boynton Bay GP, LLC, and Auburn Management, Inc. committed an overt act in furtherance of their conspiracy, including, but not limited to publishing and advertising discriminatory preferences and/or limitations based on age and familial status of prospective renters of the subject property; and Defendants continuation of publishing and advertising discriminatory preferences and/or limitations based on age and familial status of prospective renters of the subject property.

104. Defendants' conspiracy and their respective overt acts caused Plaintiff to suffer damages of, but not limited to, diverted resources, frustration of mission, monetary damages of attorney's fees and costs.

WHEREFORE, Plaintiff respectfully requests damages against Defendants Boynton Bay Ltd., LLC, Boynton Bay GP, LLC, and Auburn Management, Inc. for civil conspiracy and such other relief this Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff demands trial by jury of all issues so triable.

Respectfully Submitted,

/s/ Sandra Powery
SANDRA M. POWERY, ESQ.
FLA. BAR NO.: 0026815
LEGAL AID SOCIETY OF PBC, INC.
423 Fern Street - Suite 200
West Palm Beach, Florida  33401
Office: (561) 655-8944, ext. 217
 E-service:     spowery@legalaidpbc.org
Alt:            sacosta@legalaidpbc.org